UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAM RESEARCH CORPORATION,

    Plaintiff,

  v.

SUBHASH DESHMUKH,

    Defendant.

Case No. C04-5435FDB

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

    Defendant moves for dismissal of this cause of action and asks the Court to dissolve the injunction arguing that Defendant has found his copy of the signed employment agreement, also signed by a Lam witness, which agreement provides that California law governs disputes between Lam and its employees. Because California law governs the parties' agreement, and because California has explicitly rejected the doctrine of "inevitable disclosure," Lam's claim against Plaintiff must fail and the preliminary injunction must be vacated.

    In its Response, Plaintiff notes Defendant's deposition testimony where he said that he signed all the documents and hand them back to Greg Stock, Lam's HR representative and that he did not keep a copy of anything that he signed, nor did he ask to keep a copy of what he had signed. (Deshmukh Dep. Pp 85, 86, 88, 89, attached as Ex. A to Decl of Alexander A. Baehr.) Deshmukh

ORDER - 1

1  also so testified at the preliminary injunction hearing, that he returned the Agreement to the Lam

2  representative.  Despite this testimony, continues Lam, Plaintiff now claims that he kept the <u>original</u>

3  signed agreement – not a copy.  This is confirmed by an e-mail from Plaintiff's counsel (Baehr Dec.

4  At Ex. B.)  Moreover, a Lam human resources checklist indicates that Defendant <u>did not</u> turn in his

5  employment agreement.  (*Id.*, Ex. C.)

6    Defendant argues that a fair inference from Plaintiff's keeping the original was that he never

7  intended to be bound by the agreement's terms while employed by Lam and that he now hopes to

8  reap the benefits of the application of California law.  *See Pacific Cascade Corp. v. Nimmer*, 25 Wn.

9  App. 52, 555-56, 608 P.2d 266 (1980)("It is essential to the formation of a contract that the parties

10 manifest to each other their mutual assent to the same bargain at the same time."

11   Additionally, Defendant argues that Defendant's interlocutory appeal of the preliminary

12 injunction order divests this court of jurisdiction over the issues involved in the appeal. *Marrese v.*

13 *American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)  "The filing of a notice of

14 appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and

15 divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*

16 *v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  Nevertheless, a district court may

17 <u>deny</u> relief even if it or the moving party would be required to ask for a remand for the appellate

18 court to <u>grant</u> such relief.  *See, e.g., Brown v. United States*, 976 F.2d 1104, 1110-11 (7th Cir.

19 1992)(district court has right to deny motion involving matter on appeal.)  Defendant's appeal, filed

20 on April 6, 2005, requests "dismissal of the lawsuit" and reversal of the preliminary injunction order.

21   Defendant also agues that the motion to dismiss is a disguised motion for reconsideration and

22 argues that for five separate reasons the motion should not be considered. Defendant also argues that

23 other rules cited by Defendant in support of dismissal are not applicable.

24   The Court having considered the parties' submissions concludes that Defendant's motion to

25 dismiss must be denied.  It does not appear that there was mutual assent to form the agreement at

26 ORDER - 2

1  issue here.  Defendant indicates that he has the original document, and Lam's records show that the
2  signed agreement was never returned to it. This document cannot form the basis for a dismissal.
3  Moreover, the issues involved in the appeal of the preliminary injunction order are the subject of this
4  motion as well.  ACCORDINGLY,

5      IT IS ORDERED: Defendant's Motion To Dismiss and Dissolve Injunction [Dkt. 196] is
6  DENIED.

7      DATED this 8th day of June, 2005.

                                      FRANKLIN D. BURGESS
                                      UNITED STATES DISTRICT JUDGE

26  ORDER - 3