UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAM RESEARCH CORPORATION, a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SUBHASH DESHMUKH, a Washington resident,<br><br>    Defendant. | Case No. C04-5435FDB<br><br>ORDER DENYING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS |

Defendant seeks to compel the following documents pursuant to Requests for Production 1, 4, 7 – 30, 32, and 33 of Defendant's Second Set of Discovery Requests, which are described by Defendant as follows: (1) documents created after Dr. Deshmukh left Lam regarding Lam's alleged trade secrets (which Defendant contends are "crucial to determining Dr. Deshmukh's exposure to Lam's alleged trade secrets, the value of the alleged trade secrets, whether or not they have become obsolete, and when the injunction should end); (2) documents regarding employees who formerly worked at Applied Materials or who worked on the development of the technology at issue (for unclean hands defense and the inevitable disclosure issue regarding whether an employee in the semiconductor industry can "compartmentalize" information learned from different employers); (3)

ORDER - 1

Case 3:04-cv-05435-FDB   Document 222   Filed 06/10/05   Page 2 of 5

documents evidencing Lam employees' communications with Applied dielectric etch employees regarding Dr. Deshmukh.

Plaintiff objects to the motion to compel, recognizing that an item that would be inadmissible at trial is discoverable if the information sought appears to be reasonably calculated to lead to the discovery of admissible evidence (Fed. R. Civ. P. 26(b)(1)), but submitting that this "legal tenant should not be misapplied so as to allow fishing expeditions in discovery." *See Hofer v. Mack Trucks, Inc.*, 981 F.2d 377 (8th Cir. 1992). Plaintiff sets forth specific objections to Defendant's discovery requests. Each will be addressed in turn.

### *1. Discovery Requests 1, 4, 24– 29 – Post Deshmukh Documents*

These discovery requests seek documents related to the technology at issue in this case; for example, Request For Production No. 1, requests "... all documents related to the development of G3, including all G3 roadmaps." "G3" refers to Lam's Exelan G3 product, about which Lam alleges Defendant possesses trade secrets.

Plaintiff argues that these discovery requests that post-date Deshmukh's departure from Lam is burdensome, irrelevant, and could be damaging to Lam's competitive position in the marketplace. In fact, Defendant stated in November 2004 regarding the need for a protective order:

> Lam's suggestion that there is material that may be produced that Dr. Deshmukh does not already know is disingenuous: it is extremely unlikely that any information that Dr. Deshmukh does not already know would have any relevance to this case whatsoever.

(Defendant's Response to Motion for Protective Order, p. 4.) Plaintiff also points out that this technology takes a long time to develop; Dr. Marks testified that "It basically takes us years to mature out a technology." (Tr. P. 79-80.)

This discovery request must be denied. What is alleged in this case is that trade secrets that Defendant learned from his exposure to Lam's secret technology is capable of being useful to him in his new position at Applied Materials. The focus is not what Lam may be doing with their trade

ORDER - 2

secrets now.  Of course, the information must still be trade secret information, but it appears that Plaintiff already has produced documents regarding the development of G3, G3 "roadmaps," and patent applications related to G3, the product with which Plaintiff worked while at Lam.  To this extent, Defendant's motion has become moot.

### *2. Discovery Requests 7 – 23, 30 –* **Former Applied Materials Employees**

These requests concern the "entire employment file" for 55 named Lam employees who allegedly once worked for Applied Materials.  This material, argues Defendant, will tend to identify the employees who developed G3, to show the ability of these employees to protect trade secrets learned elsewhere, and it is related to Defendant's "unclean hands" defense.  These documents will show that employees in the dielectric etch industry can "compartmentalize" information when changing employment and what Lam believes is sufficient protection for trade secrets.  It will also demonstrate that the companies' products are so different that changing jobs between then does not necessarily or inevitably compromise trade secrets.  Also, the documents will show that Defendant was not deeply involved with G3 but worked on narrower projects targeted to certain customers.

**Discovery Requests 7 – 23** request "the entire employment file for [named individuals, in request # 23 plus an additional 40 individuals named in an attached exhibit].  Plaintiff objects to discovery of requests pursuant to items 7 – 23, the employment files, which it demonstrates contain "routine information such as contact information, salary, and standard form agreements, and the like,"  (Baehr Decl. at Ex. A.) unlikely to lead to discoverable material.   Also, the unclean hands defense, to which this information is said to relate, is insufficient at law [and the subject of a motion for partial summary judgment].

Discovery Requests 7 – 23 must be denied.  The "unclean hands" defense has been dismissed in the granting of Plaintiff's Motion for Partial Summary Judgment on the issue, so any material sought relative to this defense must be denied.  The question in this case is what Deshmukh  can and cannot compartmentalize; the need to show what other employees can or cannot compartmentalize is

ORDER - 3

irrelevant.

**Discovery Request 30** seeks "documents related to communications between Lam and [32 named individuals] during the six months prior to each person's start date at Lam." Plaintiff objects to these requests as burdensome and not likely to lead to admissible evidence.

Discovery Request 30 must be denied, as Defendant has not convinced the Court that this information is relevant to this case. The question is not how Lam deals with any potential for discovering trade secrets of other companies when those companies' employees accept employment at Lam, the concern in this case is Deshmukh's potential to reveal – purposely or inadvertently – Lam's trade secrets in his current employment with Applied Materials.

### 3. *Discovery Request 32*

Discovery Request 32 seeks "... all documents related to any communications between Lam and Dragan Podlesnik between January 1, 2000 and February 1, 2005." Dragon Podlesnik was a former Applied Materials employee – and briefly Deshmukh's supervisor at Applied – who accepted employment with Lam in February 2005.

Defendant asserts that Podlesnik was likely sharing confidential Applied information with Lam, and Defendant is entitled to determine Lam's role (if any) in that misappropriation of confidential information.

Discovery Request 32 must be denied. This information is irrelevant to the issue of Defendant's conduct with respect to Lam's trade secrets.

### 4. *Discovery Request 33*

Discovery Request 33 seeks "... all documents related to any communications since July 12, 2004 between Lam and any person employed by Applied Materials in Applied's dielectric etch division."

Defendant argues that "Communications between Lam employees and employees in one of Applied's division [sic] go directly to the matters at issue in this lawsuit." Defendant also contends

ORDER - 4

that it is a simple search, restricted by date and recipient, which does not entail a search of all 2000 Lam employees.

Plaintiff objects to producing these communications because the communications have no bearing to the issues in this case and that the search is burdensome requiring each of Lam's 2000 employees to search their hard files as well as e-mail boxes. Moreover, the dielectric etch group organizational chart was produced for "Attorneys Eyes Only," and, thus, cannot be provided to Lam. Plaintiff contends it would be easier for Plaintiff to inquire of Applied Materials' dielectric etch group workers whether they have had communications with Lam employees since July 12, 2004.

Discovery Request 33 must be denied. The information sought through this request is not relevant to the issues in this lawsuit.

DATED this 10th day of June, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5