UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAM RESEARCH CORPORATION, a
Delaware corporation,

    Plaintiff,

    v.

SU HASH DESHMUKH, a Washington
resident,

    Defendant.

Case No. C04-5435FDB

ORDER GRANTING LAM'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT

## INTRODUCTION

Plaintiff moves for partial summary judgment dismissing Defendant's affirmative defense of unclean hands. Plaintiff argues that the alleged bad conduct must pertain to the subject matter of the suit and affect the equitable relations between the litigants. *Washington Capitols Basketball Club, Inc. v. Barry*, 304 F. Supp. 1193, 1200-1201 (N.D. Cal. 1969), *affirmed,* 419 F.2d 472 (9th Cir. 1969). In *Cooper & Co. v. Anchor Securities Co.,* 9 Wn.2d 45, 113 P.2d 845 (1941) the court considered the assertion of the defense in an action where Plaintiff insurance company sought an injunction restricting a former employee from using the company's confidential information and soliciting its clients. *Id.* at 49-51. The Defendant asserted that the plaintiff had breached the terms

ORDER - 1

of an employment agreement between the two parties and was unable to obtain equitable relief because of unclean hands. 9 Wn.2d at 71. The Court held that the Plaintiff was not barred from seeking equitable relief and stated:

> The authorities are in accord that the "clean hands" principle does not bar a sinner from the courts of equity, nor does it disqualify any claimant from obtaining relief there who has not dealt unjustly in the very transaction concerning which he complains.

*Id.* at 72. Plaintiff argues that Deshmukh's attempt to use Lam's prior hiring practices are unrelated transactions to Lam's attorney to enforce its trade secret rights against Dr. Deshmukh.

Defendant responds that numerous Lam employees, including senior executives, have gone to Lam from Applied Materials and that they have been placed in positions similar to those they held at Applied Materials. Defendant also believes that Plaintiff received confidential information from Applied regarding the hiring and placement of Defendant at Applied Materials. Defendant cites the need for discovery. Plaintiff has refused to allow discovery on this defense and there is a motion to compel pending.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Summary judgment should not be granted unless the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A scintilla of evidence, or that which is merely colorable and not significantly probative, does not present a genuine issue of material fact. *United Steelworkers of*

ORDER - 2

*America v. Phelps Dodge*, 865 F.2d 1539, 1542 (9th Cir. 1989), *cert. denied,* 493 U.S. 809 (1989).

The substantive law governs whether or not a fact is material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Inferences drawn from the facts are viewed in favor of the non-moving party. *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630-31 (9th Cir. 1987). All reasonable doubts as to the existence of a material fact are resolved against the moving party. *Id*. at 631. Summary judgment is not appropriate if the credibility of witnesses is at issue. *Securities and Exchange Comm. V. Koracorp Industries, Inc.,* 575 F.2d 692, 699 (9th Cir.), *cert. denied*, 512 U.S. 1236 (1994).

**CONCLUSION**

Plaintiff's motion for partial summary judgment must be granted. An unclean hands defense cannot be pursued with evidence of conduct unrelated to the specific claim raised in the complaint, that is, whether Deshmukh threatens to misappropriate Lam's trade secrets by accepting a job with Lam's direct competitor on a directly competitive product to that which he worked on while at Lam. Discovery related to the unclean hands defense is not relevant to the claim raised in the complaint. Defendant has failed to demonstrate any genuine issue of material fact, and Plaintiff is entitled to partial summary judgment on the unclean hands defense as a matter of law.

ACCORDINGLY,

IT IS ORDERED: Lam Research Corporation's Motion for Partial Summary Judgment [Dkt. # 201] is GRANTED, and Defendant's affirmative defense of unclean hands is DISMISSED.

DATED this 9th day of June, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3