UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAM RESEARCH CORPORATION, a
Delaware corporation,

    Plaintiff,

  v.

SUBHASH DESHMUKH, a Washington
corporation,

    Defendant.

Case No. C04-5435FDB

ORDER GRANTING DEFENDANT'S
MOTION FOR COSTS

    Before the court is the motion of Defendant Subhash Deshmukh ("Deshmukh") for costs pursuant to FRCP 54(d). The court, having considered the motion, Plaintiff's opposition, and balance of the record, finds that the motion shall be granted.

I.

    Plaintiff Lam Research Corporation ("Lam") sued Deshmukh, its former employee, claiming misappropriation of trade secrets. Lam obtained a preliminary injunction against Dr. Deshmukh. Dr. Deshmukh successfully appealed the preliminary injunction order to the Ninth Circuit Court of Appeals, which vacated the injunction and dismissed the case. This court denied Lam's motion to amend its pleading and received and entered the Court of Appeals' mandate on February 10, 2006. Dr. Deshmukh was awarded his costs of appeal, which Lam has paid.

ORDER - 1

II.

Rule 54(d)(1) establishes that costs are to be awarded as a matter of course in the ordinary case. By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs. *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (2000) (*citing National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)). The Ninth Circuit's requirement that a district court give reasons for denying costs is, "in essence, a requirement that the court explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Association of Mexican-American Educators*, 231 F.3d at 593. Factors that might render a case extraordinary include misconduct on the part of the prevailing party, issues of great public importance, the non-prevailing party's limited resources, close and complex issues, the merit of the non-prevailing party's claims, and whether costs are extraordinarily high. *Id.* Lam claims that this case is not "ordinary" because Dr. Deshmukh increased the costs of litigation through his bad faith conduct and the issues decided on appeal were novel.

III.

The court previously considered Lam's allegations of bad faith conduct when it reviewed Lam's motion to amend, which the court denied. Although Lam suggests that Dr. Deshmukh falsely testified as to when he began to work on a competitive product, there is contrary evidence in the record suggesting the accusations are unfounded. As to Lam's claims that the case was close and complex, it should be noted that the complexity of a case or good faith of the losing party are merely factors to consider in determining whether costs should be denied. Indeed, in this case, the issues although close, were not complex. Lam either had a possible claim under Washington law, where the issue had not been definitively decided, or had no claim under California law, where the issue had been put to rest.

ORDER - 2

IV.

The court has reviewed the costs in the total amount of $24,662.89 claimed by Dr. Deshmukh and find that they are reasonable, necessary and recoverable costs. Although some of the costs were incurred by Dr. Deshmukh after the preliminary injunction hearing, the court finds that they are still recoverable so long as they appeared necessary at the time they were incurred. In addition, the court finds it is appropriate to award the costs of conducting the deposition in the manner noticed, particularly since the depositions of which Lam complains were noticed and taken as video depositions at Lam's insistence. The court also finds that a claim of $.15 per page for copying charges is reasonable and that Dr. Deshmukh is entitled to recover the cost of the preliminary injunction hearing transcript, which was ordered and paid by him.

V.

Lam has failed to rebut Rule 54's presumption of an award of costs. This is not an extraordinary case in which it would be inappropriate or inequitable to award costs.

ACCORDINGLY,

IT IS ORDERED:

(1) Subhash Deshmukh's motion for costs (Dkt.#262) is **GRANTED;** and

(2) Lam Research Corporation shall pay to Subhash Deshmukh the amount of $24,662.89 within ten (10) days of this Order.

DATED this  20th  day of March, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3